Case at the morning, Plains Capital Bank v. Rogers, number 1641654, Mr. White. If it please the Court. Yes, sir. Good morning, Your Honor. My name is Mark White. I represent the appellate in this case, Michael Rogers. This is a really simple case. All you have to do is look at the record. And for purposes of citing of the record, I'm just going to give you the page instead of the incredible long preface to it. But at page 57 is the case about. It is a suit on two promissory notes. We shouldn't be here. I shouldn't be in front of this honorable court, and I shouldn't have been in front of the United States District Court for the Southern District of Texas. Well, you've been in state court. Yes, ma'am. And what was your defense in state court? Well, I was not trial counsel, but I can tell you that the defenses were multiple. And that, I think, is one of the things that's gotten lost here. There were about five or six different defenses, of which Holder in due course was only one of them. At that time, trial counsel attacked both affidavits, made an argument that, and I don't know how to correctly pronounce this word, but I see it all the time, that the allonge, the endorsement document that transferred the notes from the FDIC to Plains had a lack of personal knowledge. Only one part of the entire defense was predicated on a Holder in due course. And why was it dismissed in the state court? They voluntarily dismissed from the state court, right? Yes, ma'am. They non-suited right after they lost the summary judgment motion, which I would argue is some of the most fantastic forum that I don't think the district court was able to deal with. If you look at the case law that dominates this area, Grable, my distinguished adversary cited to Nance, those were removal cases where what had happened was that the plaintiff and the defendant got in there and the defendant actually raised a defense. In this case, contrary to what the district judge said in McAllen, we didn't dispute anything. And we didn't, other than jurisdiction, because we don't have to. So what happened was when this case got non-suited and then got refiled in federal court, it created a fact scenario that I don't believe everyone was prepared to deal with. Because if we look at this, what we're talking about here is Tier 1 or We all know that Branch 1 was created in 1875 as the federal government was trying to figure out a way to deal with the American South. Branch 2 comes to us from Holmes in Smith. But Branch 2 doesn't get you outside of the well-pled complaint rule. And here was the problem here, is when they just filed, all that we had was their well-pled complaint. And their well-pled complaint, and we've argued this and I'll point this out, this is docket page 73, paragraph 16 of their amended complaint, and it states, in order for Plains Capital to receive what it purchased under the purchase agreement, the notes at book value, to collect on the notes without being subject to the personal defenses of Rogers and to be able to market the notes with HDC status requires a finding of federal holder and due course in favor of Plains Capital. My goodness, your honors, we're not only dealing with an anticipated defense, now you've got a defense to a defense. And I would respectfully submit to this court that that's not what the well-pled complaint was about at all. So the fact that they cited to Grable doesn't get them out of the woods. It merely creates a fact scenario, as Justice Holmes said, that if I do have a well-pled complaint, and even if that well-pled complaint does not raise a federal cause of action, if I have a substantive federal issue that meets this four-prong test, I can still get in. And so what I would submit to the court is even though Grable is out there, it doesn't help Plains Capital Bank. Number one, if they this was so necessary to this lawsuit, why was it never raised in state court? Docket number 49 is a copy of Rose Reyna's order denying summary judgment. It lists everything that she considered. What is noticeably missing from there that is allowed under Texas civil procedure is a reply to the response to summary judgment. Okay? You have to do that within three days of the hearing or the date of submission. If this was such a necessary element of this claim, why don't we have a reply that says, Your Honor, looking at section D, and that would be, you'll find that in docket number 219, section D, Your Honor, they have contested our holder-in-due-course status. Under Dench Dune and its progeny and subsequent federal statutes, we are a federal holder-in-due-course. Now the last time I read this, section 2 of the United States Constitution says that the Constitution, laws, and treaties of the United States are the supreme law of the land, which begs the question of, if it's the supreme law of the land, why wasn't it raised in the state proceeding? And the answer is, is I think that they made this up as they went along. And I would also point out that my distinguished adversary was not trial counsel in that case. Do you concede that federal law governs the holder-in-due-course or does Texas Business and Commerce Code? Well, I think that I'll, this is one of the rare places I'll go along with a federal judge. He says the Texas Business and Commerce Code controls. Well, what about section 3309 of the Business and Commerce Code? Specifically, Your Honor. A person who is not in possession of an instrument is entitled to enforce the instrument if the person has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce it when loss of possession occurred. Two, the loss of possession was not the result of transfer by the person. And three, the person cannot reasonably obtain possession of the instrument. I have no problem with that. I'll beg you, until you get back to state court, huh? Well, here's the thing. If I have to go back to state court, with all due respect, Your Honor, lawsuits and lawsuits are like little wars. Plains Capital chose the ground. And then when they lost... When's your defense going to be back? I mean, suppose we dismiss this, the case is dismissed for lack of jurisdiction. You're saying Plains Capital is barred from suing Rogers again? No, ma'am, they may not be barred. Well, put it this way, they are not barred from filing a lawsuit, but I'm not altogether certain, as I stand before you, that the way that this case unfolded, that by the time we get back there, their four-year promissory note may be barred by limitations. And once again, I didn't create that problem, neither did prior counsel. That problem was created when Plains Capital Bank... And let's face it, they didn't lose the war. In Texas, statistically, 2% of all summary judgments are granted. That means 98% of the time we lose those. You hitch up your pants, you look at what they said, and you drive on. And so they still had a lawsuit. And plus they had a map that told them what was theoretically wrong with their evidence. So, but they created that. When they non-suited that, limitations continued to roll. If this case gets... Did they object in any way to the non-suit at the time, and say that you wanted fees for having to defend the case for so long, or that sort of thing? There might have been, but I think under, I think it's Rule 165, it basically says that a plaintiff is an absolute... They can do it, but you can complain about it and request... And to be honest with you, Your Honor, that was not done. That was not done. And part of the, and, you know, flat out, that was not done. You're correct. So what I'm saying is, is that if you're asking for my defense, Your Honor, one of them might be limitations. The other one, I would probably go back, and one of the other defenses that was raised that I think gets missed, is that former trial counsel said, look, there's no provision here for offset. There are a lot of defenses that have nothing to do with being a federal holder in due course. And part of, one of the reasons that I wouldn't raise it, is that I think that they probably are. So, you know, I'm not going to do something that's futile. But, and which gets me back to something else. I think that we have the ability this morning to do something that sheds even more light on this. We can take Merrill Dow, which was the 1986 Supreme Court case that everybody pretty much thought had killed second branch federal question jurisdiction. In Merrill, what happened was you had six causes of action, only one of which was predicated on any kind of federal claim. The court looked at that and said, no, you don't need to be here. All right, look at Grable. All right, Grable's got this thing about, okay, we have a substantive issue. But look at how it was defended in the state court. In the state court, we had at least six defenses. If you juxtapose that with Merrill, and this is probably the, and I realize lawyers, we don't have a right to be offended. But this was probably the thing that bothered me the most about this, was that the district judge told me what my answer was going to be. I just, I thought that was absolutely fascinating. In fact, to quote from his opinion, because the defendant has not filed an answer, we have no choice but to look at the prior pleadings. Okay, so now what we have is it's the four corners of the plaintiff's pleading augmented by pleadings in a case that's dead. Your Honor, from a policy standpoint, I mean, I think it's thirty-four years. The rules have got to mean something, because I make decisions on them. And when you basically tell me, and this honorable court and the other appellate courts in the Supreme Court and Congress create this arena, we know federal courts are limited jurisdiction. When you tell me that jurisdiction must exist in those four corners, I believe you. I advise my client basically. We'll save him the poor little guy some money. Well, but I believe you, okay? And so what I'm saying is, is I make decisions predicated on that. And so I just, one of the things that... You didn't have to file nothing. Or maybe you couldn't file anything consistent with Rule 11. Here's what I... I didn't file anything because I didn't have to. And I'll just tell you this, and I think this is an important point. Lawsuits do not exist outside of the legal culture and realities of the place in which they are tried. And to say that Hidalgo County is parochial would be an understatement. And I believe and I have no proof of this, but since we want stuff that's not in the brief, I'm going to give it to you. I believe that what happened here was that this federal judge looked at what the state court judge had done and was afraid that if this case goes back to state court, that my client would win. And what I maintain... I'm sorry, but we've worked with Review Judge Crane's opinions a lot longer than you can imagine, and I do not think that the federal judges down there shade their view of the law according to what we all know goes on in Hidalgo County. And respectfully, Your Honor, while I will not disagree with your analysis of all of his opinions, I also practice a lot down there. And what I'm saying is... But your argument is not about that. No, it's not. It's also irrelevant. It doesn't matter what... He was anticipating your defense and it wasn't there yet and that was inappropriate. That's my argument. And you're not depending on any of this Hidalgo County... No, I'm not. I'm just trying to say that if we're looking for factual stuff that underlies what's going on, because I had a hard time trying to understand what was happening. Well, I mean, but we don't have to psychoanalyze the situation. We just have a legal argument. I agree. And my legal reasoning was that you can't do this. We have your argument. That's my argument. Okay. Thank you. Thank you. Mr. Johnson. Thank you, Your Honor. May it please the Court, Mr. Weitz. I'll agree in one aspect, Mr. Weitz. I think this is a simple case. The nice thing about it is that it's just a jurisdictional issue. And I don't say just. I mean, it's an important issue. But Mr. Weitz didn't respond to our summary judgment in the trial court and hasn't raised the merits-based issue of whether a federal holder in due course does or doesn't Why should we be looking at that at all? Yeah, that's my question, too. You shouldn't. It's not on appeal. Well, no, I'm talking about the summary judgment and the state pleading. None of that is before us in the well-completed complaint. And the district court seemed to look at that. Well, the district court looked at the well-completed complaint, which says federal holder in due course all over it as both an element of our claim, and we also mention it as doing away with some of their defenses. We also specifically mention in our complaint that they denied that. They reject that. We also filed their summary judgment response from state court that clearly says they don't think we have holder in due course Right, but why should you be looking at that? Why is that legally allowed to do? Under this court's precedent, Your Honor, in finding subject matter jurisdiction, a federal district court can look to the forecourts of the complaint. It can also look to, isn't it just standard pleading practice? When you're collecting a promissory note, you avert that you're the owner and holder of the note? That's an element, yes. Yeah, that's an element. And holder means holder in due course. Correct. And so, Justice Elrod, under this court's precedent, under the Crane case from 2015, which is cited in our brief, in determining subject matter jurisdiction, the court can look at the complaint alone, the complaint supplemented by undisputed facts, evidence in the record, and the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. So, none of those things say dead state court cases. Well, I think their position, they never came back and said that we don't think that our state court position is wrong. That's on summary judgment, but we're talking about the face of the well-pleaded complaint here. Well, the well-pleaded, and opposing counsel respectfully, in my opinion, misreads the well-pleaded complaint rule. It says, well-pleaded complaint rule says, you have to, if you're raising a federal question, jurisdictional matter, you have to have a federal claim, or the plaintiff's relief relies on a substantial federal question. So, that gets us to Grable. So, we don't have to have a federal claim to have federal subject matter jurisdiction. Do you concede that you don't have a federal claim? Our technical claim is a note claim. A note claim, it's not a federal claim. An element of our claim relies on federal precedent, just like. Right, but so, what's the answer to my question? Do you concede that you do not have a federal claim, but instead you are relying on Grable? I concede we don't have a federal cause of action, and we are going to get the first part of that before Grable. This is a suit on a note. Correct, it is. It's a state court suit. Or a federal court suit. It's a suit on a note, where an element of our claim is that we are a federal holder in due course. And so, that gets me. Let me just suggest to you, I mean, you don't have diversity. So, we did a lot of FDIC cases 25 years ago. Correct. And all of those were based on diversity, I thought. They weren't based on holder in due course. Well, the FDIC has a specific jurisdictional statute that says if the FDIC is a party to a suit, the federal court has jurisdiction. Okay. And that's 12 U.S.C. section 1809. That's a good point, right. And so, that is, that's an important point, because, you know, I think. But that doesn't mean the assignee from the FDIC can take advantage of that statute, of course. That's exactly right. I mean, this is a suit on a note, and you're, is your a state bank or a national bank? Don't tell me you don't know what you're claiming. Well, I think it must be a state bank. I don't think it's a promissory note. What's the federal jurisdiction? I don't, why are you here? We're here because our claim arises under federal common law, federal holder in due course status. Thank you. Under Grable, Grable says you can have a state court claim and still have federal court jurisdiction under their arising under if you meet four elements. The first element is that resolving the federal issue is necessary for the resolution of the state law claim. Why do you, why is it necessary? I'm sorry. It's the same question, varies differently. Why is it necessary? Because if we're under state law, under state Texas UCC law, we don't have a claim because we're not a holder in due course, because First National Bank, the defaulting bank, destroyed all of the notes. Well, that statute, that state statute got Texas law to collect on these notes. I respectfully disagree. It was amended to say that the FDIC may have had a cause of action, but there has to be a link between, if you get to section, and what Justice Jones was referencing, 3.309, it says that a person who is not in possession of the instrument, which we're not, is entitled to enforce the instrument unless the person either was entitled to enforce the instrument when the loss of possession occurred, which that's not us, we didn't have the instrument when it was destroyed, or it acquired ownership of the instrument from a party who was entitled to enforce the instrument when the loss of possession occurred. So that would have been the FDIC. So we're just one link away. It is a technicality that opposing counsel will stand and shout about all day long in state court that we do not have state law holder in due course status, because we are one link away in that chain of title, which gets us to the Grable case. And I thought about this in preparing for oral argument. We don't have this in our briefing, and so I wanted to present this to the court. This case is very similar to Grable in three specific ways. First of all, both involve, quote, title to property. Now, Grable dealt with real property. And it was a state law, quiet title claim. It's state law as you can get, right? This is state law as a note claim. But the issue was, did the defendant have proper title? And the issue there resolved in, well, did the plaintiff get proper notice under the IRS statute for the IRS to come in and foreclose on the property and then give title to the defendant? Here, we're essentially saying we have title to this promissory note and we can enforce it because the FDIC, another federal agency, stepped in and took it from the defaulting bank and gave it to us. So they both dealt with title issues. Secondly, the title issue had actual involvement of a federal agency. In Grable, you actually had the IRS coming into this dispute, taking the property from the plaintiff and giving it to the defendant. Now, they weren't a, quote, party to the lawsuit. They weren't sued. But they were involved in the transaction. In this case, the FDIC is doing the exact same thing. They're taking the asset from the defaulting bank and they're giving it to us. So they're intimately involved in this transaction. And thirdly and most importantly, the resolution of this title issue impacts these federal agencies. In Grable, the Supreme Court said this is a substantial issue because the IRS comes out and they take property from taxpayers who default and they have to give notice. And is the notice in personal service or is the notice mail service? That was the underlying issue. And the court said that issue should be dissolved, should be decided by federal courts. Here, we're saying the FDIC is a federal holder in due course. And this court, and every court that's looked at it, has said that astignees from the FDIC also have federal holder in due course status. And that is a very important issue to the FDIC. The FDIC was developed in the 1930s because banks were failing. And the government wanted to set an agency to protect banks and to protect, not so much banks, but to protect the public so that their deposits would be there. And so the FDIC insures banks. They come in and they help a defaulting bank to make sure those assets and those customers are taken care of. And one of the ways they do that is by wrapping those up and selling it to another bank. And so if the other bank doesn't have protections like federal holder in due course, like Dinch Doom, like Section 1823E, then those assets are going to be worth much, much less. And that's the point. The FDIC will get much, much less money for these assets. And so the FDIC will have to come out of pocket themselves to take care of the taxpayers, to take care of the public. And if in fact the FDIC's funds go dry, the taxpayers step in and pay for it. So that's why this is such an important issue to the FDIC. I'm sorry. I just, I'm really confused as to why your position regarding 3.309 changed between the district court and this court. Because you pleaded that you could have a second theory under 3.309, didn't you? That's, you mean the state court, you mean, Your Honor? And this is something that opposing counsel said that I really want to answer. This was not form shopping. This wasn't, why didn't you do this in state court? We didn't know the notes were missing. The FDIC. Okay, and then I have a question about that. So you didn't know the notes were missing, so that's why you now believe that you, but in the district, the federal district court, did you not take the position that you could also recover under 3.309? My understanding, no ma'am. My understanding is that we have always taken the position that under state UCC law, we were, we expressly pled we cannot take under state law. We have to have federal holder in due course. Okay, so if it looks like you have two different theories in your district court pleading, that's wrong. Well, I read the pleadings yesterday and I don't remember seeing the other one. And then I don't understand your argument in response to, I believe, Judge King's questions about why you aren't an indirect taker from the FDIC of what belonged to the FNB at the time that the F, the notes were destroyed and why that's not satisfied under the Texas 3.309. Because it says if it's indirect, you could still recover. And why aren't you an indirect taker from the FNB through the FDIC? Well, that is, I haven't seen that issue resolved, the definition of indirect. I think that, once again, it gets down to the merits based issue. The person, the statute says a person who is not in possession of the instrument is entitled to enforce it. If the person seeking to enforce it has directly or indirectly acquired ownership of the instrument from a person who is entitled to enforce it. Are we taking it indirectly through the FDIC? Yeah. I mean, that's my question too. Exactly. That was Judge King's question. And you said, no, they can't. But it seems that they can. Wow. You can. That's the amended 3. what is it? 3.309. It was amended. Prior, it didn't even have B. It was you had to take it from the person. Or you had to be the person that lost it. And there was a case, I forgot the name of the case, that said that that means if you're an assignee of it, you don't get to enforce it. So then they came back and they amended it to write that case out. And so, but I think in this case it would favor the FDIC because they took from the party who had possession when it was lost. And you took from them. And so indirectly. You received from FNB via FDIC. Wow. I don't know what the term indirect means in this context. And I haven't seen a case that defined that. Our position has been that. Well, we, you don't need to give away your case on oral argument here. Because what we're talking about is whether the well pleaded complaint is based on a federal claim. And the fact that there might be an alternate claim doesn't answer the first question. Correct, Your Honor. And we clearly, in our well pleaded complaint, clearly relied on, and we especially said, we have to have federal holder in due course to have a claim. And so, based on our well pleaded complaint, that was the basis of the district court's decision, which obviously we won that. But if you read through it, it's a very well reasoned opinion. It was not something that was applied by night. It was very well researched and very well written. And so, we obviously agree with it. And we agree with some of the basic analysis of it. Getting on to the second issue, which is whether it was actually disputed. We've already talked about that. The court could look to the state court summary judgment response. Because, to be honest with you, there have been multiple commentators who have come out and said, we don't like this element. Because a party can file a 12B1 without filing an answer. So how is a district court supposed to know a defendant disagrees with something if they don't have to file an answer? So commentators say, that's kind of an unfair factor early in a case. But we don't have to worry about that in this case. Because in this case, unlike most other cases, we have a state court case where they did file a summary judgment response. They did file pleadings. And they did contest this issue. How is that an unfair factor if it's supposed to be within your complaint? Well, we did say in our complaint that they disagreed with it. So, I don't know. Assuming that we can't rely on the parts of your complaint that say that you're anticipating the defense. Assuming that we have to only look at the part of your complaint saying that you're a holder in due course. Is your status as a holder in due course, federal holder in due course, necessary to establishing that a valid contract exists between Plains Capital and Mr. Rogers? I'm sorry. What was the second part of your question? Is that status necessary to establishing that the valid contract exists between Plains Capital and Mr. Rogers? It's necessary. And I don't want to quibble, but I'm not saying you could have to ignore any part of our complaint. Our federal holder in due course status does two things. It's an element of our claim. We have to be able to enforce the notes as an element of our claim. That's what the question I just asked you about. Right. And that's exactly right. And it's necessary. But it's also, it also does away with some of their defenses. But that's not relevant. That's not necessarily relevant. But the fact that it's an element of our claim is. And, I mean, the court hasn't asked me any questions on it, but I think it's clear that the FDIC and the ability to go in to a federal bank, judge assets quickly, wrap them up and sell them to another bank is a very important substantial federal issue. That is a, that is, and the district court found that. The harm is if they say, well, you know, don't worry about it. We'll let the state court deal with federal holder in due course status. I'm sure those folks down in Hidalgo County will do a great job of that. If you look at, just plunge in federal holder in due course in Texas cases, you'll come up with far less than 20 cases in Texas history that have ever talked about federal holder in due course. Probably only two or three cases in our entire history, Texas state court history, has even discussed the merits of what federal holder in due course status means. That's why this should be in a federal court. Because federal courts do look at these FDIC issues all the time. And if you look at Grable, Grable said the Merrill Dow case from the 80s had kind of a, almost, almost seen a requirement that the statute had to give a federal cause of action before you could have a case. And Grable said, no, that may be a factor to look at whether the statute has a, quote, welcome mat. I don't know if the court remembers the term welcome mat in Grable. But here we have a welcome mat. The court has especially, Congress has especially said that FDIC has jurisdiction to litigate these issues in federal court. As an assignee of the FDIC, we get the FDIC's federal holder in due course status. Why should the FDIC be able to litigate, if the FDIC had never sold these assets to us and they were here litigating this, this would never be an issue. So why after they give us the asset, now all of a sudden we can't litigate in federal court when it's the exact same federal issue. And I think that is an important point of why it's so important that a federal court look at it. Because the harm is, if the court doesn't, and a state court ignores it, which has been my recent experience, as I've cited to, there's been a very recent case where a court of appeals reversed, a trial court correctly did denche doom in section 1823, granted summary judgment for Plains Capital, and the court of appeals reversed and didn't even write on it, just completely ignored this federal precedent and this federal statute. That's why we want a federal court to look at it, because federal courts tend to think federal law is important and tend to think that we should follow it. The fact that it's common law doesn't matter. It's still important. And also. And also your time is up. Thank you, Your Honor. Okay. We appreciate it. Thank you very much. Thank you. Mr. White. You don't have to say anything. I won't. In fact, all I want to say is. You didn't respond to his complaint, so you don't have to say anything now. Okay. I will just be very, very brief. The law is an exercise in high-risk management. They took a risk when they non-suited and then went into federal court and created a factual scenario that they weren't going to be able to basically make the well-played complaint rule work. Beyond that, if the court has no questions of me, I rest. Okay. Thank you.